# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALAH PIROTY, )<br>　)<br>　　　　Plaintiff, )<br>　)<br>　　v. )<br>　)<br>CHAIRMAN, BROADCASTING )<br>BOARD OF GOVERNORS, )<br>　)<br>　　　　Defendant. )<br>　) | Civil Action No. 09-221 (RJL) |

## ANSWER TO ORIGINAL COMPLAINT

Defendant Chairman of the Broadcasting Board of Governors ("BBG" or the "Agency"), by and through his undersigned counsel, hereby answers plaintiff's Original Complaint ("Complaint") in this matter as follows:

### First Defense

The complaint fails to state a claim upon which relief can be granted.

### Second Defense

The Court lacks subject matter jurisdiction over the claim(s) contained in Count II of the Complaint.

### Third Defense

In response to the numbered paragraphs of the Complaint, Defendant admits, denies or otherwise avers as follows:

## JURISDICTION

1. This paragraph is a conclusion of law to which no response is required, but to the extent that this paragraph contains allegations of fact, the statement is denied.

2. Defendant denies committing the unlawful employment practices alleged in the complaint, including discrimination on the basis of Plaintiff's race, age, national origin, gender and prior protected equal employment opportunity activity, but admits that the acts complained of took place in the District of Columbia.

3. Defendant lacks sufficient information to admit or deny the allegations of fact in this paragraph and so denied.

4. Admit the first sentence and admit that Voice of America is one of the Defendant's broadcasters but denies that BBG is currently or has ever been plaintiff's employer.

5. The first sentence is a conclusion of law to which no response is required, but to the extent that one is required, the statement is denied.  Admit that the Agency notified plaintiff by letter dated November 21, 2007 that he was not selected for the position advertised under Vacancy Announcement M/P 07-131, but defendant lacks sufficient knowledge or information to form a belief as to when plaintiff received or became aware of the contents of the letter.  Admit that Plaintiff initiated counseling on or about December 12, 2007 concerning allegations of national origin and age discrimination concerning the selections made under Vacancy Announcement M/P 07-131.  Admit that Plaintiff filed his formal complaint of discrimination on January 7, 2008, and that he notified the Agency that he was adding gender as an additional basis of discrimination, aver that the Agency accepted the allegation by letter dated July 15, 2008, but deny the remainder of the fourth sentence.  Admit the fifth sentence.

## **BACKGROUND FACTS**

6. Defendant reasserts and reavers each of the above answers as if they were specifically restated here.

7. Admit that Plaintiff has been a purchase order vendor (POV) providing services in the Kurdish Broadcasting Service of the Voice America since 2002, but deny remainder of the paragraph.

8. Admit.

9. Admit.

10. Admit.

11. Deny.

12. Deny.

13. This paragraph characterizes 22 U.S.C. § 1474(1) which is the best evidence of its contents. To the extent this paragraph contains any allegation(s) of fact, it is denied.

14. Defendant's internal rules do not eschew any standards imposed by 22 U.S.C. § 1474 or any other applicable statutes. The remainder of this paragraph quotes an excerpt of a portion of the Broadcasting Administrative Manual which is the best evidence of its contents. This paragraph also contains Plaintiff's characterizations to which no response is required. To the extent this paragraph contains any allegations of fact, the Defendant admits that BBG interprets its statutory authority to mean that a non-citizen may be employed or promoted if no equally or better qualified U.S. citizen is available to perform the duties of the position.

15. Deny.

16. Deny.

**COUNT 1: DISCRIMINATION BASED ON GENDER, NATIONAL ORIGIN, AND AGE**

17. Defendant repeats and reavers each of the foregoing responses as if they were specifically restated here.

18. Deny.

19. Deny.

**COUNT II: IN THE ALTERNATIVE:
VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT**

20. Defendant reincorporates by reference its answers to paragraphs 1-16 here.

21. Defendant denies this paragraph, which states a conclusion of law, and avers that this paragraph fails to state a claim under the Administrative Procedure Act or within the Court's jurisdiction.

22. Deny.

23. Admit that the American Federation of Government Employees (AFGE), Local 1812, which is one of the unions that represents the Defendant's bargaining unit employees, is in arbitration with respect to non-citizen hiring under 22 U.S.C. § 1471 (1) but deny the remainder of the first sentence. Admit that the arbitrator ruled that Defendant violated 22 U.S.C. § 1471(1) but deny the remainder of the second sentence.

24. Admit that Defendant filed exceptions regarding the arbitrator's decision, but the Federal Labor Relations Authority dismissed the exceptions because it found that the objections were premature because the arbitrator had not determined a remedy, but deny the remainder.

25. Admit that Plaintiff is not a bargaining unit employee and that the International Broadcaster positions advertised in M/P 07-131 were bargaining unit positions, but deny the

remainder of the first sentence.  The second sentence states a conclusion of law to which no response is required.  To the extent this paragraph contains any allegation(s) of fact, deny.[1]

The text following paragraph 25, including subparagraphs 1 and 2, consists of plaintiff's prayer for relief to which no response is necessary, but to the extent it contains any allegations of fact, they are denied.  To the extent a response is required, defendant denies that plaintiff is entitled to the relief requested or to any relief whatsoever.  In particular, defendant denies that plaintiff is entitled to recover any damages in connection with the actions alleged in the Complaint; however, if any damages are recovered, the amount of those damages is subject to and limited by 42 U.S.C. § 1981a.  In addition, any relief would be further limited by 42 U.S.C. § 2000e-5(g)(2)(B).  Defendant further avers that a jury trial, compensatory damages, and attorney's fees are not available under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, *et seq*.

Except to the extent expressly admitted or qualified above, defendant hereby specifically denies each and every allegation in the Complaint.

<u>Jury Trial</u>

This paragraph consists of Plaintiff's demand for a jury trial to which no response is necessary, but to the extent one may be deemed required, deny.

Dated: May 1, 2009.

---

[1] Plaintiff cites *Grosdidier v. Glassman*, Civil Action No. 07-1551 (ESH) (D.D.C. 2008) in a footnote.  On April 3, 2009, the Court of Appeals for the D.C. Circuit affirmed the District Court's dismissal of the APA complaint because the Civil Service Reform Act was the exclusive avenue for employees challenging such covered personnel actions.  *Grosdidier v. Chairman,* 560 F.3d 495 (D.C. Cir. 2009).

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar No. 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar No. 434122
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. Bar No. 451737
Assistant United States Attorney
555 4th Street, NW, Room E4822
Washington, D.C.  20530
(202) 514-7161 (phone)
(202) 514-8780 (fax)
jane.lyons@usdoj.gov

Of Counsel
PATRICIA A. HARGRAVE, D.C. Bar No. 480703
Assistant General Counsel
Broadcasting Board of Governors